## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE E-MAIL ACCOUNT SERVICED BY P.D.R. SOLUTIONS (U.S.) LLC | ML No. _____20-ML-154_____ |

*Reference:*   *DOJ Ref. # CRM-182-67372; Subject Account: gabriele.macchi@has-qroup.com*

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Council of Europe, Convention on Cybercrime, *opened for signature* Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Portuguese Republic ("Portugal"). The proposed Order would require P.D.R. Solutions (U.S.) LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Burlington, Massachusetts, to disclose certain records and other information pertaining to the PROVIDER account associated with gabriele.macchi@has-qroup.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this application, the United States asserts:

### LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.  Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Portugal's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Portugal in connection with a criminal

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Portugal are investigating an unknown suspect(s) for fraud offenses, which occurred April 10, 2018 to August 2, 2018, in violation of the criminal law of Portugal, specifically, Article 221 of the Portuguese Penal Code. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from Portugal to provide the requested records to assist in the criminal investigation and/or prosecution. Under the Convention, the United States is obligated to render assistance in response to the request.

6. According to authorities in Portugal, on or about April 10, 2018, a Portuguese company ("victim company") ordered a textile machine from a Turkish company. The order had been placed through an intermediary company in Portugal ("intermediary company"). An employee from the Turkish company subsequently sent the victim company and the intermediary

company a sales contract through e-mail, which the victim company signed and sent back through e-mail.

7.      On or about July 26, 2018, the unknown suspect(s) used a very similar e-mail address as the employee for the Turkish company, gabriele.macchi@has-qroup.com, to notify the intermediary company that the victim company should send the payment of EUR 150,000 (approximately USD 167,301) for the textile machine to the Turkish company's bank account in the United States due to a problem with its Turkish bank account.  The intermediary company conveyed this change to the victim company.

8.      On August 2, 2018, the victim company sent the payment of EUR 150,000 (approximately USD 167,301) to the bank account located in the United States.  On or about August 7, 2018, the Turkish company informed the intermediary company that it had not received the agreed-upon payment.  After confirming that the Turkish company did not have a bank account in the United States, the intermediary company informed the victim company that it had been defrauded.  The victim made an unsuccessful attempt to cancel the transfer.

9.      The victim company reported the fraud to the Portuguese authorities on August 11, 2018

10.     In order to identify and locate the unknown suspect(s), Portuguese authorities request certain records pertaining to the e-mail account gabriele.macchi@has-qroup.com, which is serviced by PROVIDER.

## REQUEST FOR ORDER

11.     The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in Portugal

identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

    Respectfully submitted,

    VAUGHN A. ARY
    DIRECTOR
    OFFICE OF INTERNATIONAL AFFAIRS
    OK Bar Number 12199

By:   */s/ Jason F. Cunningham*
    Jason F. Cunningham
    Trial Attorney
    MA Bar Number 673495
    Office of International Affairs
    Criminal Division, Department of Justice
    1301 New York Avenue, N.W., Suite 800
    Washington, D.C. 20530
    (202) 616-3596 telephone
    (202) 514-0080 facsimile
    Jason.Cunningham@usdoj.gov

## Relevant Provision of the Portuguese Penal Code

**Article 221 - Computer swindling and in communications**

1. Whom, with the intent of obtaining for himself or for a third-party illegitimate enrichment, causing another person's asset loss, interfering on the data treatment result or by incorrect software structuration, incorrect or incomplete data usage, usage of data without authorization or intervention by any other way unauthorized in the processing, is punished with a penalty of imprisonment up to 3 years or with a penalty fine.

2. The same penalty is applicable to whom, with intent to obtain for himself or for a third-party an illegitimate benefit, causes asset loss to another, using programs, electronic devices or other means that, separately or conjointly, aim to decrease, alter or impede, totally or partially the normal functioning or exploration of telecommunication services.

3. The attempt is punishable.

4. The criminal proceeding depends upon complaint.

5. If the loss is:

    a. Of high amount, the agent is punished with a penalty of imprisonment of up to 5 years or with a penalty fine of up to 600 days;

    b. Of considerably high amount, the agent is punished with a penalty of imprisonment from 2 to 8 years.